UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALEJANDRO DIAZ,<br><br>      Petitioner,<br><br>    v.<br><br>M.D. BITER, Warden,<br><br>      Respondent. | Case No. CV 13-7745-SP<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY** |

## I.

## INTRODUCTION

On October 18, 2013, petitioner Julio Alejandro Diaz, a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Petitioner challenges his June 24, 1997 convictions and sentence in Los Angeles Superior Court for murder and attempted murder. Petitioner claims his rights to due process and counsel were violated by ineffective assistance of counsel at the plea bargaining stage, and seeks specific performance on a proffered plea deal. Pet. at 25-31, 38-40.

Respondent moved to dismiss the Petition, arguing that it is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner

opposed the motion to dismiss. Having carefully reviewed the record, the court agrees with respondent and finds that, as detailed herein, the Petition must be denied and this action dismissed with prejudice as untimely.

## II.

## **PROCEEDINGS**

On June 24, 1997, petitioner was convicted of first degree murder and attempted murder in violation of California Penal Code §§ 187(a) and 664. Lodg. No. 1. With enhancements, petitioner was sentenced to 48 years to life plus life with the possibility of parole. *Id*. On August 5, 1998, the California Court of Appeal affirmed petitioner's convictions. Lodg. No. 2.

Petitioner sought review in the California Supreme Court. Lodg. No. 16. On October 21, 1998, the California Supreme Court denied the petition for review. Lodg. No. 3.

More than eleven years later, on January 12, 2010, petitioner filed a petition for writ of habeas corpus in the Los Angeles Superior Court.[1] On January 14, 2010, the court denied the petition. Lodg No. 4 Ex. E.

On March 23, 2010, petitioner petitioned the California Court of Appeal for writ of habeas corpus. Lodg. No. 4. The Court of Appeal denied the petition on April 8, 2010. Lodg. No. 5.

On November 6, 2010, petitioner petitioned the California Supreme Court for writ of habeas corpus. Lodg. No. 6. On May 11, 2011, the California Supreme Court denied the petition. Lodg. No. 7.

Petitioner subsequently filed a petition for writ of habeas corpus and motion to recall remittitur in Los Angeles Superior Court. On November 7, 2011, the court

---

[1] This petition filed in the Los Angeles Superior Court is not in the record, and therefore the court relies on the date of this petition supplied by petitioner in a subsequent petition to the Court of Appeal. *See* Lodg. No. 4 at 31; *see also* Lodg No. 12 at 6.

denied petitioner's habeas petition and motion to recall remittitur. Lodg. No. 8, Ex. I at 4.

On November 30, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Lodg. No. 8. Petitioner sought, inter alia, an order recalling the remittitur and reinstating his direct appeal. *Id*. The court denied the petition on December 21, 2011. Lodg. No. 9.

On March 23, 2012, petitioner filed a petition for writ of mandate in the California Supreme Court. Lodg. No. 10. Petitioner maintained that the Court of Appeal had not ruled on his motion to recall the remittitur, and asked the California Supreme Court to issue a writ commanding the Court of Appeal to issue an order either granting or denying the motion to recall the remittitur. *Id*. On April 25, 2012, the California Supreme Court denied the petition for writ of mandate without prejudice to petitioner's ability to seek habeas relief in the Los Angeles Superior Court under *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012).

Petitioner filed another petition for writ of habeas corpus in the Los Angeles Superior Court. On October 19, 2012, the court denied the petition. Lodg. No. 14, Ex. I.

On November 16, 2012, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. Lodg No. 12. On December 21, 2012, the court denied the petition. Lodg. No. 13.

On February 13, 2013, petitioner filed for writ of habeas corpus in the California Supreme Court. Lodg. No. 14. The court denied the petition on April 10, 2013. Lodg. No. 15.

On October 18, 2013, petitioner filed the instant Petition in this court.

//
//

# III.

# DISCUSSION

## A. The Petition Is Facially Time-Barred Under AEDPA's One-Year Statute of Limitations

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott*, 304 F.3d at 922.

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passes for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897

4

(9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.*

Here, there is no indication in the record that petitioner filed a petition for certiorari in the United States Supreme Court after the California Supreme Court denied his petition for review on October 21, 1998. Therefore, petitioner's conviction became final ninety days later on January 19, 1999. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where no petition for certiorari filed, conviction becomes final ninety days after California Supreme Court denies review); U.S. Supreme Court Rule 13.1. Accordingly, absent either a later start date of the limitations period or tolling under statutory or equitable principles, AEDPA's statute of limitations expired on January 19, 2000, more than thirteen years before petitioner filed this federal case.

**B.     Petitioner Is Not Entitled to a Later Start Date of the Limitations Period**

      **1.     Direct Review Has Not Been Reopened So as to Restart the Limitations Period under §2244(d)(1)(A)**

As noted, the one-year AEDPA limitations period normally starts running at the conclusion of a petitioner's direct appeal. *See* 28 U.S.C §2244(d)(1)(A). Petitioner principally argues that he is entitled to a later start date under *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009), and *Thompson v. Lea*, 681 F.3d 1093 (9th Cir. 2012). Pet. at 32-38. Specifically, petitioner contends the April 25, 2012 California Supreme Court denial of his petition for writ of mandate constitutes a "reopening" of direct review, and thus a restart of the AEDPA limitations period under §2244(d)(1)(A). *Id; see* Lodg. No. 11. When denying that petition, the California Supreme Court stated: "The petition for writ of mandate is denied without prejudice to petitioner's ability to seek habeas relief in Los Angeles County Superior Court under *Missouri v. Frye* . . ." Lodg. No. 11.

5

A reopening of direct appeal by a state court renders a petitioner's conviction non-final for the purposes of AEDPA while the appeal is pending. *Jimenez*, 555 U.S. at 120 n.4 ("[W]here a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.") (citations omitted); *Thompson*, 681 F.3d at 1093-94 ("The limitations period may be reset if a state court reopens direct review and a petitioner's conviction becomes 'again capable of modification through direct appeal to the state courts and to [the Supreme] Court on certiorari review.'") (quoting *Jimenez*, 555 U.S. at 120). But that is not what happened here.

Petitioner did seek to reopen his direct appeal, but contrary to his contentions, the California Court of Appeal ruled on – and in fact denied – his request to recall the remittitur when it denied his habeas petition that sought such relief. *See* Lodg. Nos. 8, 9. The California Supreme Court's denial of his petition for writ of mandate in no way altered this ruling. *See* Lodg. No 11. Petitioner cannot restart the AEDPA limitations period by simply filing a motion or petition to recall the remittitur and reopen his direct appeal. *See Bethea v. Girdich*, 293 F.3d 577, 579 (2d Cir. 2002) ("the filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period").

The AEDPA limitations period under § 2244(d)(1)(A) will only restart if a court actually rules so as to reopen the period of direct appeal. Thus, in *Thompson*, the Ninth Circuit held that the AEDPA limitations period restarted only after the California Supreme Court granted review of a petition seeking review of the Court of Appeal's denial of a motion to recall the remittitur and reinstate direct appeal. *Thompson*, 681 F.3d at 1094. The court found that "[b]y granting review, the California Supreme Court reopened direct review and made [petitioner's] conviction 'again capable of modification through direct appeal.'" *Id.* (quoting *Jimenez*, 555 U.S. at 120). Likewise, in *Jimenez,* the Supreme Court held that the petitioner's conviction was no longer final for purposes of the AEDPA limitations period under

§ 2244(d)(1)A) after the Texas Court of Criminal Appeals granted the petitioner the right to file a late appeal and thus reopened direct review of the petitioner's conviction. *Jimenez*, 555 U.S. at 116, 120. Here, the California Supreme Court did not grant review as in *Thompson*, nor has any court granted any of his motions to recall the remittitur or done anything else that reopened his direct appeal.

The only sliver of hope for relief held out by any court was the California Supreme Court's denial of his petition for writ of mandate "without prejudice to petitioner's ability to seek habeas corpus relief . . . under *Missouri v. Frye*." Lodg. No. 11. But all that this did was to allow petitioner the opportunity to file another habeas petition – to continue to seek collateral review. It in no way suggested that petitioner's direct appeal would ever be reopened; if anything, it foreclosed that possibility.

Accordingly, neither the California Supreme Court's denial of the petition for writ of mandate nor any other court ruling did anything to reopen the period for direct review so as to restart the AEDPA limitations period under § 2244(d)(1)(A). Petitioner's conviction became final on January 19, 1999, and thus under § 2244(d)(1)(A) the AEDPA limitations period expired on January 19, 2000.

**2.     Petitioner Is Not Entitled to a Later Start Date Under § 2244(d)(1)(C)**

Petitioner also makes arguments that suggest he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(C). Section 2244(d)(1)(C) provides for the AEDPA statute of limitations to begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. Petitioner appears to contend the California Supreme Court indicated he is entitled to relief under *Missouri v. Frye* through a newly recognized constitutional right made retroactive. Opp. at 12.

In *Missouri v. Frye*, the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the plea negotiation stage. 132 S. Ct. at

7

1405-08. By the plain language of § 2244(d)(1)(C), the holding in *Frye* could restart the AEDPA limitations period under § 2244(d)(1)(C) only if the Supreme Court in *Frye* recognized a new constitutional right. But it did not. "Because the Court in *Frye* . . . repeatedly noted its application of an established rule to the underlying facts, [the] case[] did not break new ground or impose a new obligation on the State or Federal Government." *Buenrostro v. U.S.,* 697 F.3d 1137, 1140 (9th Cir. 2012). Accordingly, "*Frye* . . . did not decide a new rule of constitutional law." *Id.*; *accord In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012).

Because *Frye* did not announce a new rule of constitutional law, it provides no basis to restart petitioner's limitations period under § 2244(d)(1)(C). Consequently, the applicable AEDPA limitations period in this case was determined by § 2244(d)(1)(A), and began running on January 19, 1999 when petitioner's conviction became final. Thus, absent statutory or equitable tolling, the limitations period expired on January 19, 2000.

**C.      Petitioner Is Not Entitled to Statutory or Equitable Tolling**

Petitioner does not contend that he is entitled to statutory or equitable tolling. And based on the court's review of the record, he is not.

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (the petitioner was not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended").

8

As discussed above, petitioner filed a great number of habeas and other petitions for collateral review in the state courts. But the first of these was not filed until January 12, 2010, almost ten years after the AEDPA limitations period expired on January 19, 2000. Accordingly, petitioner is not entitled to statutory tolling.

The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). Tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time. *Id.* at 649; *see Miranda,* 292 F.3d at 1066 ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" (citation omitted and brackets in original)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007).

Here, as noted, petitioner has not argued for equitable tolling, nor has he cited any extraordinary circumstance beyond his control that made it impossible to file a timely petition. As the court has found no extraordinary circumstance in the record before it, there is no basis for equitable tolling.

In sum, under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period expired on January 19, 2000. Because the Petition, filed on October 18, 2013, is plainly untimely under 28 U.S.C. § 2244(d)(1) and cannot be saved by statutory or equitable tolling, dismissal with prejudice is warranted.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that respondent's Motion to Dismiss is granted, and Judgment will be entered denying the Petition and dismissing this action with prejudice.

DATED: July 8, 2014

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE